# SUPREME COURT OF THE UNITED STATES

MOATH HAMZA AHMED AL-ALWI  *v.* DONALD J.
TRUMP, PRESIDENT OF THE
UNITED STATES, ET AL.

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE DISTRICT OF
COLUMBIA CIRCUIT

No. 18–740　Decided June 10, 2019

The petition for a writ of certiorari is denied. JUSTICE KAVANAUGH took no part in the consideration or decision of this petition.

Statement of JUSTICE BREYER respecting the denial of certiorari.

In the immediate aftermath of the terrorist attacks of September 11, 2001, Congress passed the Authorization for Use of Military Force (AUMF), 115 Stat. 224. The AUMF states that the President may "use all necessary and appropriate force against those nations, organizations, or persons he determines planned, authorized, committed, or aided" those attacks. §2(a), *ibid.* In *Hamdi* v. *Rumsfeld*, 542 U. S. 507 (2004), a majority of this Court understood the AUMF to permit the President to detain certain enemy combatants for the duration of the relevant conflict. *Id.,* at 517–518 (plurality opinion); *id.,* at 587 (THOMAS, J., dissenting).

Justice O'Connor's plurality opinion cautioned that "[i]f the practical circumstances" of that conflict became "entirely unlike those of the conflicts that informed the development of the law of war," the Court's "understanding" of what the AUMF authorized "may unravel." *Id.,* at 521. Indeed, in light of the "unconventional nature" of the "war on terror," there was a "substantial prospect" that detention for the "duration of the relevant conflict" could

amount to "perpetual detention." *Id.,* at 519–521. But as this was "not the situation we face[d] as of th[at] date," the plurality reserved the question whether the AUMF or the Constitution would permit such a result. *Id.*, at 517–518.

In my judgment, it is past time to confront the difficult question left open by *Hamdi.* See *Boumediene* v. *Bush*, 553 U. S. 723, 797–798 (2008) ("Because our Nation's past military conflicts have been of limited duration, it has been possible to leave the outer boundaries of war powers undefined. If, as some fear, terrorism continues to pose dangerous threats to us for years to come, the Court might not have this luxury"); *Hussain* v. *Obama,* 572 U. S. 1079 (2014) (statement of BREYER, J., respecting denial of certiorari).

Some 17 years have elapsed since petitioner Moath Hamza Ahmed al-Alwi, a Yemeni national, was first held at the United States Naval Base at Guantanamo Bay, Cuba. In the decision below, the District of Columbia Circuit agreed with the Government that it may continue to detain him so long as "armed hostilities between United States forces and [the Taliban and al-Qaeda] persist." 901 F. 3d 294, 298–299 (2018). The Government represents that such hostilities are ongoing, but does not state that any end is in sight. Brief in Opposition 4–5. As a consequence, al-Alwi faces the real prospect that he will spend the rest of his life in detention based on his status as an enemy combatant a generation ago, even though today's conflict may differ substantially from the one Congress anticipated when it passed the AUMF, as well as those "conflicts that informed the development of the law of war." *Hamdi,* 542 U. S., at 521 (plurality opinion).

"The denial of a writ of certiorari imports no expression of opinion upon the merits of the case." *United States* v. *Carver*, 260 U. S. 482, 490 (1923). I would, in an appropriate case, grant certiorari to address whether, in light of the duration and other aspects of the relevant conflict, Con-

Statement of BREYER, J.

gress has authorized and the Constitution permits continued detention.